**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  Case No. 08-cr-20583

GREGORY MAPP,

    Defendant.
    _____/

**ORDER GRANTING MOTION TO AMEND § 2255 HABEAS CORPUS APPLICATION**

Defendant Gregory Mapp was convicted of two counts of drug trafficking. On October 6, 2011, the Sixth Circuit affirmed the convictions, and Defendant filed a motion to vacate the sentence under 28 U.S.C. § 2255 on July 18, 2012. Defendant now moves to amend his § 2255 habeas corpus application to include a new claim of ineffective assistance of appellate counsel. The court will grant the motion.

Amending a habeas corpus petition "is governed by the 'rules of procedure applicable to civil actions.'" *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) (citing 28 U.S.C. § 2242). Federal Rule of Civil Procedure 15(a) states that pleadings may be amended with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A § 2255 application can be amended with a new claim if the motion is timely filed within one year of the date on which the conviction became final. 28 U.S.C. § 2255(f)(1). When determining finality, if

> a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned

for certiorari to the Supreme Court, even when no certiorari petition has been filed.

*Sanchez-Castellano v. United States*, 358 F.3d 424, 426–27 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)).

Defendant's motion to amend his § 2255 habeas corpus application was timely filed. Defendant had ninety days from the Sixth Circuit's judgment to petition for writ of certiorari. Sup. Ct. R. 13. The Sixth Circuit affirmed Defendant's convictions on October 6, 2011, but because Defendant did not file a petition for writ of certiorari, his convictions became final on January 6, 2012. Defendant timely moved to amend his § 2255 application on July 30, 2012, within the one-year statute of limitations. Furthermore, there is no evidence to suggest that granting leave to amend will result in any undue prejudice to Plaintiff. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly,

IT IS SO ORDERED that Defendant's motion to amend § 2255 habeas corpus application [Dkt. # 68] is GRANTED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: August 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522